CITY OF TAUNTON & others *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION & another.

Suffolk. February 2, 1971. — April 6, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, & BRAUCHER, JJ.

*Taxation,* Sales tax, Municipality. *Municipal Corporations,* Sales tax. *Words,* "Person."

A municipal corporation is not a "person" as that term is defined in G. L. c. 64H, the Sales Tax Act, so that the State Tax Commission had no statutory authority to promulgate a regulation that sales of tangible personal property by any political subdivision of the Commonwealth "of a kind ordinarily sold by private persons" were subject to the sales tax, and the Commissioner of Corporations and Taxation had no authority to assess a tax on a municipality operating an electric light plant under c. 164 for its failure to collect a sales tax on poles sold by it to a telephone company.

BILL IN EQUITY filed in the Superior Court on May 13, 1968.

The suit was heard by *Mitchell, J.*

*Mark L. Cohen,* Deputy Assistant Attorney General, for the defendants.

*Maurice J. Ferriter* for the plaintiffs.

SPIEGEL, J. This is a bill for declaratory relief brought by several municipalities in behalf of themselves and other municipalities under G. L. c. 231A, and c. 30A, § 7. They operate electric light plants under the provisions of G. L. c. 164. The defendants are the Commissioner of Corporations and Taxation (Commissioner) and the State Tax Commission (Commission).

The basis of the dispute originates in the adoption of emergency regulation no. 13 on July 27, 1966, by the Commission. This regulation provides that "[s]ales of tangible personal property by the United States, the Commonwealth of Massachusetts, any political subdivision thereof, or any of their respective agencies shall . . . be subject to the sales or use tax to the extent that such property is . . . of a kind ordinarily sold by private persons . . . and the governmental agency is required, as the vendor, to collect and remit the tax to the Commonwealth."

On August 14, 1967, the Commissioner notified the Municipal Electric Association[1] that the municipal electric "companies" of Massachusetts would have to collect the sales tax on poles sold to the telephone companies.

The plaintiffs then brought this suit seeking an injunction and a declaration that municipalities are not required to collect sales tax on poles and equipment which they sell to telephone companies. The case was heard in the Superior Court on an "Agreed Statement of Fact." The trial judge found in favor of the plaintiffs and ruled that emergency regulation no. 13 was "illegal and without force and effect because there is no statutory authority for its promulgation." From the entry of a final decree declaring that municipalities which operate electric light departments are

---

[1] This is an unincorporated association comprised of "the electric light departments" of various cities and towns.

not required to collect sales taxes "on poles sold to tele-
phone companies" and enjoining the Commissioner from
assessing a tax on municipalities or municipal electric de-
partments for their failure to collect the said taxes, the de-
fendants appealed.

The sole issue that we are called upon to decide is whether
the defendants possessed the statutory authority under
G. L. c. 64H (commonly called the Sales Tax Act) to
promulgate emergency regulation no. 13.

Admittedly, there is no express statutory authority re-
quiring municipal electric light departments to collect a
sales tax on sales of tangible personal property. The de-
fendants argue, however, that § 2 of the Sales Tax Act
requires a "vendor" to collect a sales tax; that § 1 (18) of
the Sales Tax Act defines "vendor" as a "Retailer or other
person"; and finally that § 1 (7) of the Sales Tax Act
includes municipal electric light departments within the
definition of "person" when it includes "corporations" and
"any combination of individuals acting as a unit."[2]

Since emergency regulation no. 13 proposes to make sales
by government agencies subject to the provision of the Sales
Tax Act, in order to sustain the validity of the regulation,
we would have to conclude that the Sales Tax Act au-
thorized the Commission to adopt it. G. L. c. 30A, § 7.
*First Agricultural Natl. Bank* v. *State Tax Commn.* 353
Mass. 172.

In seeking to ascertain whether the Legislature intended
to include municipalities within the definition of "person,"
the following reasons lead us to conclude that the Legisla-
ture did not so intend: (1) nowhere in the act are the United
States, the Commonwealth or any political subdivision
thereof, or their respective agencies defined as a "person";

---

[2] General Laws c. 64H, § 1 (7), inserted by St. 1967, c. 757, § 1, defines
"person" as follows: "an individual, partnership, trust or association, with
or without transferable shares, joint-stock company, corporation, society,
club, organization, institution, estate, receiver, trustee, assignee, or referee,
and any other person acting in a fiduciary or representative capacity, whether
appointed by a court or otherwise, and any combination of individuals acting
as a unit."

(2) § 6 of the Sales Tax Act sets forth a series of exemptions for the United States, the Commonwealth and its subdivisions and agencies and also enumerates a series of exemptions of services generally performed by municipal corporations (e.g. the furnishing of water or electricity); (3) this court, prior to the enactment of the Sales Tax Act, stated that the word "person, which . . . may be held to include 'corporations, societies, associations and partnerships,' is not apt to describe a municipality," *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 329 Mass. 243, 250, citing *Howard* v. *Chicopee*, 299 Mass. 115, 121; and finally, (4) "[w]hen the Legislature has intended to include both municipal and business corporations within the scope of a statute, generally it has used plain words to that effect." *Donohue* v. *Newburyport*, 211 Mass. 561, 567. See *Linehan* v. *Cambridge*, 109 Mass. 212, 213.

In view of the foregoing, we are of opinion that the Legislature did not intend to include municipalities within the definition of "person" as that term is defined under the Sales Tax Act.

*Decree affirmed.*