PAUL W. O'CONNOR *vs.* GAIL DWYER & others. April 7, 1971. This is a petition for the probate of the will of Mary E. Dwyer. The sole issue was whether the instrument offered for probate was executed in accordance with the provisions of G. L. c. 191, § 1. A decree was entered allowing the will, from which the contestants appealed. The evidence is reported, but the judge made no findings of fact. The entry of the decree imports a finding of every fact necessary to support it. *Attorney Gen.* v. *Woburn*, 322 Mass. 634, 635. From an examination of the evidence, we are of opinion that it amply supports the decree.

*Decree affirmed.*

The case was submitted on briefs.
*Edward Miller* for the contestants.
*Francis X. Bellotti & Matthew J. McDonnell* for the proponent.

J. C. BEST, INC. *vs.* CHARLES W. DONOVAN, JR., executor. April 9, 1971. The plaintiff appeals from a final decree dismissing its bill in equity. By the terms of a lease between the plaintiff as lessee and the defendant's testator as lessor, the plaintiff was obligated to pay an annual rental of $12,000 plus five per cent of the gross sales of its carpeting business. The dispute between the plaintiff and the defendant arose as to the meaning of the words "gross sales" in the lease. The evidence is reported. At the trial there was testimony that the lessor agreed orally to change the terms of the lease by omitting the charges for carpet installation from the total of "gross sales" and that the lessor agreed to write the plaintiff a letter "setting forth that he understood gross sales would no longer include installation costs." The court below found "that no such letter was ever written" and made further findings of fact and "rule[d] that . . . [the plaintiff had] not sustained the burden of proof that the lessor intended to vary the written lease or amendment thereto by any letter, or in any other fashion." The subsidiary findings were ample to support the judge's ruling. "The question to be decided is . . . whether it can rightly be said that the findings made by the judge who saw the witnesses and heard them testify . . . [are] plainly wrong." *Berman* v. *Coakley*, 257 Mass. 159, 162. There was no error.

*Decree affirmed with costs of appeal to the defendant.*

*Barry L. Wieder*, for the plaintiff, submitted a brief.