**MANSBACH METAL COMPANY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF REVENUE and Kentucky Board of Tax Appeals, Appellees.**

Court of Appeals of Kentucky.

March 21, 1975.

Edwin H. Perry, Richard S. Holt, Louisville, for appellant.

Thomas A. Duke, Dept. of Revenue, Frankfort, for appellees.

CULLEN, Commissioner.

Mansbach Metal Company, of Ashland, Kentucky, is engaged primarily in the business of industrial processing and producing of scrap metal for resale. The Kentucky Department of Revenue made an audit of Mansbach's Sales and Use Tax returns for the fiscal years ending on July 31 in 1963, 1964, 1965 and 1966 and assessed additional tax by reason of the failure of Mansbach to treat the purchase by it of certain items as taxable. The additional tax was in excess of $5,700, plus interest.

Mansbach appealed to the Kentucky Board of Tax Appeals. That appeal was heard on the basis of a *stipulation* between Mansbach and the Department of Revenue, the significant portions of which were:

"3. That incident to its industrial processing and producing of scrap metal for resale, petitioner purchased various materials and supplies having a useful life of less than one (1) year which were necessary for the *operation, maintenance and repair* of certain machinery and equipment directly used in the processing and producing functions of petitioner's business.

"4. That all of the items listed on Schedule A through E hereto are materials and supplies purchased by petitioner during the applicable periods which have a useful life of less than one (1) year and which were necessary for the *operation, maintenance and repair* of certain machinery and equipment directly used in the processing and producing functions of petitioner's business.

\*    \*    \*    \*    \*    \*

"6. That the issue before the Board is whether or not the aforesaid materials and supplies are exempt from the Sales and Use Tax under the respondent's Regulation SU-5 and Chapter 131 of the Kentucky Revised Statutes." (our emphasis)

Attached to the stipulation were five schedules (one for each of the five calendar years involved), listing the date of each purchase, the name of the seller, the purchase price, and a brief description of the item purchased. The majority of the descriptions were specific as to the nature of the item, but some of the descriptions were general, such as "Miscellaneous Parts and Supplies," "Repair material," "Supplies," "Material," "Repair Parts," etc. Where the description was specific, it in most instances made the item identifiable as a *part* for a machine of a nature having a relatively short useful life in that it would wear out in use.

The Board of Tax Appeals found that the items in question consisted primarily of repair and replacement *parts* for machinery and as such none were exempt from the Sales and Use Tax. The board accordingly upheld the tax assessment.

Mansbach appealed from the board's decision to the Franklin Circuit Court, which entered judgment upholding the tax assessment on the same basis as that employed by the board. We have before us Mansbach's appeal from that judgment.

KRS 139.200 levies a tax on "retail sales" and KRS 139.100 defines a "retail sale" as "A sale for any purpose other than resale in the regular course of business of tangible personal property." *Industrial machinery* is not exempted, except machinery for new and expanded industry, KRS 139.480, which does not include machinery which replaces other machinery, KRS 139.170. While those statutes have a bearing on the issue in this case, the key question is the applicability of Regulation No. SU-5 of the Department of Revenue.

That regulation, adopted in 1960, undertakes to clarify the matter of taxability of sales of "Raw Materials and Industrial Supplies." It provides that receipts from the sale or use of "tangible personal property to be used in the manufacturing or industrial processing of tangible personal property which will be for sale are not subject to the sales or use tax" and that

such property "shall be regarded as having been purchased for resale" (the latter language obviously being designed to bring the regulation under KRS 139.100). The regulation proceeds to define "tangible personal property to be used in the manufacturing or industrial processing of tangible personal property" as including:

"2. Materials, supplies (including molds, lubricating and compounding oils, grease, machine waste, abrasives, grinding balls, grinding wheels, chemicals, solvents, fluxes, anodes, fire brick, catalysts, filtering materials, dyes, refrigerants, explosives, etc.), and industrial tools (jigs, dies, drills, cutters, rolls, reamers, chucks, saws, spray guns, etc.) which are directly used in manufacturing or industrial processing, if such materials, supplies or industrial tools have a useful life of less than one year."

It will be noted that the regulation does not use the word "parts" and that none of the things specifically mentioned is in the category of a part. Mansbach argues, however, that every justification, reason and basis for the exemption of "supplies and materials" having a useful life of less than one year applies equally to *parts* having a useful life of less than one year. One problem we have in accepting that argument is that the validity of the regulation even in regard to the items it specifically exempts is tenuous, in that it rests (as Mansbach's counsel state in their brief) on the theory that the items are *fictitiously integrated* into the finished product. That being so, the regulation must, we think, be narrowly construed. Even under a liberal construction, however, we think a distinction can be drawn between materials and supplies which are designed and intended to be used up in the manufacturing process, and parts which simply wear out. Thus we find a clear basis for distinguishing Schenley Distillers, Inc. v. Commonwealth, Ky., 467 S.W.2d 598, on which Mansbach places strong reliance. There the item in question was a chemical solution used to clean evaporation tubes employed in a manufacturing process. The solution was designed to be consumed, and its purpose was for *maintenance* of the machinery. It came under the express exemption of "chemicals" made by Regulation No. SU–5.

The strongest reason, we think, why machinery parts are not exempt is that the machines themselves, and replacements for them, are not exempt (except original machines for new and expanded industry). The mere fact that particular parts may have only a short useful life is not a compelling reason why they should be exempted (under a theory that they, but not parts with a long useful life, may, as in SU–5, be "regarded" as part of the finished product and thus as having been purchased for resale).

Mansbach argues that even if *parts* are not exempt there was no justification for the finding by the Board of Tax Appeals (concurred in by the circuit court) that all of the items in question were in the category of parts. Mansbach points to the fact that many of the items were identified only by such general terms as "Supplies," "Material," etc., and that the stipulation was that the items were "materials and supplies" necessary for the "operation" and "maintenance of machinery" as well as for "repair." It is our opinion that Mansbach had the *burden*, on its appeal to the Board of Tax Appeals, to identify clearly which items were in the category of "materials and supplies," and which were in the category of "parts," because Regulation No. SU–5, which the parties stipulated was significant to the issue of taxability, on its face deals only with "Raw Materials and Industrial Supplies." When Mansbach chose to stipulate that the items all were used for the operation, maintenance *and repair*, the Board of Tax Appeals was entitled to consider that the items all were used for *all three* purposes, which meant that all were in the "repair" or replacement-part category.

The judgment is affirmed.

All concur.