ACE HEATING SERVICE, INC. & another[1] vs. STATE TAX
COMMISSION.

Suffolk.    October 5, 1976. — October 28, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, &
WILKINS, JJ.

*Taxation,* Sales and use tax, Contractor, Exemption. *Statute,* Con-
struction. *Words,* "Directly."

Heating contractors who purchased machinery, materials and supplies
for use in the performance of lump-sum contracts for the sale, in-
stallation and servicing of hot water and steam generating boilers
and related equipment were not entitled to an abatement of sales
and use taxes under the exemptions in G. L. c. 64H, § 6 (r) and (s).
[254-256]

APPEALS from decisions of the Appellate Tax Board.

*Irving Marmer* for the taxpayers.

*Thomas Miller,* Assistant Attorney General, for the
State Tax Commission.

BRAUCHER, J.    Two taxpayers seek abatements of sales
and use taxes, claiming exemptions under G. L. c. 64H,
§ 6 (r) and (s), originally enacted temporarily by St. 1966,
c. 14, § 1, continued by St. 1967, c. 757, § 1, and subse-
quently amended by St. 1971, c. 555, § 45. The taxpayers
are heating contractors; in the performance of lump-sum
contracts they sell, install and service hot water and steam
generating boilers and related equipment, materials and
supplies. The State Tax Commission (commission) and
the Appellate Tax Board (board) denied the abatements
sought, applying the commission's Emergency Reg. No.
12, published July 7, 1966. We affirm.

It is common ground that the taxpayers, in the perfor-
mance of lump-sum contracts, purchased machinery, ma-

---

[1] Seltzer & Co., Inc.

terials and supplies for which they did not pay a sales tax to the suppliers nor a use tax to the Commonwealth. The board found that the property in question was purchased not for resale but for use in producing a finished product. Accordingly, the board ruled that the sales to the taxpayers were "sales at retail" within the meaning of G. L. c. 64H, §§ 1 (13) and 2. That ruling is not contested. The sole issue is whether the sales in question were exempt under § 6 (*r*) and (*s*), made applicable to use taxes by G. L. c. 64I, § 7 (*b*). The taxes in question were for various periods from April, 1966, through February, 1973. By stipulation the cases were tried on the basis of sample months.

Under § 6 (*r*) sales of "materials, tools and fuel" are exempt if they "become an ingredient or component part of tangible personal property to be sold" or if they are "consumed and used directly *and exclusively* ... in an industrial plant in the [process of the] *actual* manufacture of tangible personal property to be sold...; in the furnishing of power to an industrial manufacturing plant; or in the furnishing of gas, water, steam or electricity when delivered to consumers through mains, lines or pipes." Under § 6 (*s*) sales of "machinery, or replacement parts thereof," are exempt if the property is "used directly *and exclusively* ... in an industrial plant in the *actual* manufacture, conversion or processing of tangible personal property to be sold...; in the furnishing of power to an industrial manufacturing plant; or in the furnishing of gas, water, steam or electricity when delivered to consumers through mains, lines or pipes." Language in brackets was deleted by St. 1971, c. 555, § 45; language in italics was inserted by the same statute. We have treated "manufacture" in § 6 (*r*) as equivalent to "manufacture, conversion or processing" in § 6 (*s*). *Rowe Contracting Co.* v. *State Tax Comm'n*, 361 Mass. 158, 162 (1972).

We have recognized that the scope of these exemptions is somewhat uncertain. *Wakefield Ready-Mixed Concrete Co.* v. *State Tax Comm'n*, 356 Mass. 8, 10 (1969). There is no requirement that this type of exemption be interpreted narrowly. *Id.* at 12. *Courier Citizen Co.* v. *Commissioner*

*of Corps. & Taxation,* 358 Mass. 563, 569 (1971). But where the language of a statute is vague or permits more than one reasonable interpretation, contemporary administrative construction, especially if long continued, is of significance. *Assessors of Holyoke* v. *State Tax Comm'n,* 355 Mass. 223, 243-244 (1969). Moreover, G. L. c. 64H, § 8 (*a*), inserted by St. 1967, c. 757, § 1, provides in part, "It shall be presumed that all gross receipts of a vendor from the sale of tangible personal property are from sales subject to tax until the contrary is established." Cf. G. L. c. 64I, § 8 (*a*).

Contrary to the taxpayers' contention, we do not think the property in question constitutes materials, tools or fuel, or substitutes therefor, subject to § 6 (*r*). The boilers and related materials are "machinery" within § 6 (*s*), but they are not used "directly" in the actual manufacture of tangible personal property to be sold. The taxpayers sell, install and service boilers, they do not sell hot water or steam or goods manufactured through the use of hot water or steam. Nor do they "directly" furnish power to manufacturers or hot water or steam to either manufacturers or consumers.

To the extent that there is ambiguity in the word "directly," it is resolved by Emergency Reg. No. 12, published shortly after the sales tax took effect. See R. Barrett & A. Bailey, Taxation, app. 527-529 (2d ed. 1970). The term "contractor" is defined to include "heating" contractors. "A contractor shall pay the sales or use tax as a consumer upon the purchase of all materials or supplies used by him in fulfilling a lump-sum contract," with exceptions not applicable here. "Contractors are the consumers of . . . machinery . . . which they use in their business. The sale or rental of such property to contractors is subject to the sales or use tax."

We need not now decide whether the boilers in question would be sufficiently part of an integrated production process to come within the principle of *Courier Citizen Co.* v. *Commissioner of Corps. & Taxation,* 358 Mass. 563, 571-573 (1971), and *Niagara Mohawk Power Corp.* v.

*Wanamaker,* 286 App. Div. 446, 449 (1955), aff'd, 2 N.Y. 2d 764 (1956), if the boilers were simply sold directly to a manufacturer. Since the board did not base its decision on that ground, its findings are not such as to permit decision of that issue with confidence. We rely instead, as did the board, on the fact that the sales were made to contractors. The treatment of contractors in Emergency Reg. No. 12 is similar to that in other States having a sales and use tax like ours.[2]

The decisions of the Appellate Tax Board are affirmed.

*So ordered.*

---

[2] See, e.g., *Fusco-Amatruda Co.* v. *Tax Comm'r,* 168 Conn. 597, 599-600 (1975), and cases cited (construction contracts); Opinion of Counsel, Dep't of Taxation & Fin., May 26, 1969, 2 CCH State Tax Rep., N.Y. par. 60-280 (1976); Reg. "C," CCH State Tax Rep., R.I. pars. 63-820, 63-821 (1969).