S. J. GROVES & SONS CO. *vs.* STATE TAX COMMISSION.

Suffolk.    December 9, 1976. — March 9, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Practice, Civil,* Declaratory proceeding.   *Taxation,* Sales and use tax,
Exemption.   *Jurisdiction, Civil,* Tax, Declaratory relief.

A judge did not abuse his discretion in entertaining an action for a
declaratory judgment brought by a taxpayer against the State Tax
Commission even though the taxpayer had not exhausted his admin-
istrative appeals to the Appellate Tax Board under G. L. c. 64H,
§ 22, and c. 64I, § 23. [142-143]

Charges for repairs made to material and supplies sold to a construc-
tion contractor on a public works project were not taxable as "sales
at retail of tangible personal property" under G. L. c. 64H, § 2. [143]

Neither sales of equipment, tools, machinery, and replacement parts to
a construction contractor on a public works project, which were not
physically incorporated in the project, nor sales of office supplies
and equipment constituted sales of "building materials and supplies"
within the meaning of G. L. c. 64H, § 6 (*f*). [143-145]

The exemptions from sales and use taxes in G. L. c. 64H, § 6 (*r*) and
(*s*), did not apply to sales to a construction contractor which did not
furnish water to anyone. [145]

BILL IN EQUITY filed in the Superior Court on August 8,
1973.

The suit was heard by *Rutledge,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Margot Botsford,* Assistant Attorney General, for the
State Tax Commission.

*John D. O'Reilly, III,* for the taxpayer.

BRAUCHER, J.   The State Tax Commission (commis-
sion) appeals from a judgment of the Superior Court
declaring that certain items purchased by the taxpayer,
a construction contractor on a public works project, are

exempt from sales and use taxes by virtue of G. L. c. 64H, §§ 1 (14) (*c*) and 6 (*c*), (*f*), (*r*), (*s*).[1] We hold that the judge did not abuse his discretion in taking jurisdiction. We agree with his decision that charges for labor in repairing materials are exempt under § 1 (14) (*c*); and his decision that certain sales are exempt as casual or isolated sales under § 6 (*c*) is not now contested. But we hold that neither sales of equipment, tools, machinery, and replacement parts, not physically incorporated in the public work, nor sales of office supplies are exempt as sales of "building materials and supplies" under § 6 (*f*), and that the exemptions in § 6 (*r*) and (*s*) for property "used directly ... in the furnishing of ... water ... when delivered to consumers through mains, lines or pipes" have no application to sales to a construction contractor which furnishes no water to anyone. We remand the case to the Superior Court for further proceedings consistent with this opinion.

The Superior Court judgment rested on the uncontradicted affidavit of an official of the taxpayer, submitted in support of the taxpayer's motion for summary judgment, which motion was allowed. We summarize the affidavit. The taxpayer, a Minnesota corporation, contracted with the Metropolitan District Commission (MDC) to construct the Dorchester Tunnel, about six miles long at a depth of about 250 feet, and to install a water pipe with a diameter of about ten feet. The project began in 1969, and ran into 1974. The items in issue were used in the project. They consisted of drilling devices used in blasting operations, pumping devices, rail tracks and switches, a ventilation system, machines to excavate and transport rock and to process and transport concrete, lasers, electrical gear, a head frame supporting a surface-to-tunnel hoist, and miscellaneous construction and office supplies. The notice of assessment also included labor charges for repairing materials and supplies.

---

[1] General Laws c. 64H was inserted by St. 1967, c. 757, § 1, and § 6 (*r*), (*s*) was later amended by St. 1971, c. 555, § 45. Our decision in no way turns on the 1971 amendments.

S. J. Groves & Sons Co. v. State Tax Commission.

The commission assessed a tax of more than $60,000 for the period January, 1969, through October, 1972. The judgment declares that all the items set forth in the affidavit are exempt. The commission appealed, and we transferred the case here on our own motion. No suggestion is made that the taxpayer did not proceed in a timely fashion.

1. *Propriety of declaratory relief.* The commission argues that the action should have been dismissed because the taxpayer failed to exhaust its "exclusive" remedy of appeal to the Appellate Tax Board. G. L. c. 64H, § 22; c. 64I, § 23. "We have held repeatedly, in the tax field, that a declaratory action is not ousted merely by the fact that the taxpayer has an administrative path to relief. Rather we have taken the view that the judge in such a case may still exercise a discretion as to whether the action should be entertained. . . . Favorable to maintenance of a declaratory action . . . is the circumstance that the issue is important or novel or recurrent; that the decision will have public significance, affecting the interests of many besides the immediate litigants; or that the case reduces to an issue of law without dispute as to the facts." *Sydney* v. *Commissioner of Corps. & Taxation,* 371 Mass. 289, 293-295 (1976), and cases cited.

Before the enactment of the sales tax statute, declaratory relief was permitted in the face of a statute providing "exclusive" remedies. E.g., *Madden* v. *State Tax Comm'n,* 333 Mass. 734, 736-737 (1956). We do not think that the use of the word "exclusive" in tax statutes enacted after that decision was intended to establish a contrary rule. We have upheld or directed declaratory judgments in several cases involving the coverage of sales and use taxes. *Taunton* v. *Commissioner of Corps. & Taxation,* 359 Mass. 188 (1971). *Courier Citizen Co.* v. *Commissioner of Corps. & Taxation,* 358 Mass. 563 (1971). *Supreme Council of the Royal Arcanum* v. *State Tax Comm'n,* 358 Mass. 111 (1970). The present case reduces to an issue of law without dispute as to the facts. The meaning of "building materials and supplies" in § 6 (*f*) raises an issue of first impression which may well affect the interests of others than the

taxpayer here. Although the case is close on this point and we would probably have left it to the Appellate Tax Board, we find no abuse of discretion in entertaining the declaratory action.

2. *Labor charges for repairing materials and supplies.* According to the taxpayer's affidavit, the notice of assessment included more than $40,000 in labor charges on various invoices to the taxpayer, particularly invoices for repairing materials and supplies. Under G. L. c. 64H, § 2, an excise is imposed on "sales at retail of tangible personal property." "Tangible personal property" is defined in § 1 (15) as "personal property of any nature consisting of any produce, goods, wares, merchandise and commodities whatsoever . . . ." No deduction is to be taken from the sales prices for labor cost, and "any amount paid for any services that are a part of the sale" is to be included. § 1 (14) (*a*) (*ii*), (*b*) (*i*). But certain labor charges commonly associated with sales prices are explicitly excluded by § 1 (14) (*c*) (*iii*) and (*v*): " (*iii*) the amount charged for labor or services rendered in installing or applying the property sold"; and " (*v*) transportation charges separately stated, if the transportation occurs after the sale of the property is made."

We think it is clear that charges for repairs made after a sale is complete are to be excluded, at least if such charges are separately stated. Some such charges may properly be treated as charges for "labor or services rendered in installing or applying the property sold." Others are simply not "part of the sale." The explicit exclusion of certain labor charges does not mean that all other charges for labor are subject to sales tax. Cf. *Mahon* v. *Nudelman,* 377 Ill. 331, 341 (1941) (occupation tax); *Bowne* v. *Brown,* 313 A.2d 426, 428 (Conn. Supp. 1973) (sales tax, repairing is not selling).

3. *Building materials and supplies.* Section 6 (*f*) exempts sales of "building materials and supplies to be used in the construction . . . of . . . any . . . public works owned by . . . any governmental body . . . [such as the MDC] and used exclusively for public purposes . . . ." Building mate-

rials and supplies include "all materials and supplies con-
sumed, employed or expended in the construction ... of
any ... public work, as well as such materials and supplies
physically incorporated therein. Said term shall also in-
clude rental charges for construction vehicles, equipment
and machinery rented specifically for use on the site of any
such tax exempt project or while being used exclusively
for the transportation of materials for any such tax exempt
project."

The quoted language makes clear that "building ma-
terials and supplies" may be exempt if they are "physically
incorporated" in the public work; they may also be exempt,
even though not physically incorporated, if they are "con-
sumed, employed or expended" in the construction. The
exemption of rental charges for "construction vehicles,
equipment and machinery" suggests that sales of such
items may not be exempt, at least where the items are
not physically incorporated. Moreover, separate treatment
of "materials, tools and fuel" in § 6 (*r*), and "machinery, or
replacement parts thereof" in § 6 (*s*), suggests that ma-
chinery is not to be considered materials. Exclusion of
equipment, tools, machinery and replacement parts, not
physically incorporated in the project, from building ma-
terials and supplies is consistent with ordinary usage of
the words. Cf. *American Casting Co.* v. *Commonwealth*,
274 Mass. 1, 6-7 (1931) (tools, hardware, and other inci-
dental things used up in construction were not "materials"
covered by payment bond); *Green* v. *Eglin AFB Housing,
Inc.*, 104 So. 2d 463, 469 (Fla. Dist. Ct. App. 1958) (ex-
emption limited to materials physically incorporated in
buildings); *Mansbach Metal Co.* v. *Commonwealth*, 521
S.W.2d 85, 87 (Ky. 1975) (parts for machinery were not
exempt from sales tax as materials or supplies despite
short useful life); *Jaspersen* v. *Commissioner of Taxation*,
300 Minn. 131, 136 (1974) (same, use tax); *Mal Bros.
Contracting Co.* v. *Division of Taxation*, 124 N.J. Super.
55, 61 (1973) (construction equipment not exempt from
sales tax as materials or supplies).

We also hold that office supplies such as paper and office

equipment such as a shed, shelves, doors and furniture are not within the ordinary meaning of "building materials and supplies" and are not exempt.

The taxpayer argues that the exemption for building materials and supplies used in public works projects should be broadly construed, since otherwise the taxpayers will bear the ultimate burden in an amount greater than the amount of the tax. The argument has force, but it should be made to the Legislature. The exemption is explicitly defined and restricted, and we are not at liberty to revise it. See *Connecticut Light & Power Co.* v. *Walsh*, 134 Conn. 295, 301-302 (1948); *Comptroller* v. *Joseph F. Hughes & Co.*, 209 Md. 141, 146 (1955).

4. *The furnishing of water.* The claims of exemption under § 6 (*r*) and (*s*) for property "used directly ... in the furnishing of ... water ... when delivered to consumers through mains, lines or pipes" are disposed of by our recent decision in *Ace Heating Serv. Inc.* v. *State Tax Comm'n*, 371 Mass. 254, 256 (1976). We there held that those exemptions do not apply to sales to contractors who do not furnish water to anyone.

5. *Disposition.* Our discussion makes clear that it was error to allow the taxpayer's motion for summary judgment as to all the items claimed. But some items are conceded in the commission's brief to be exempt, and others are exempt under the principles we have stated. We are not in a position, on the present record, to rule on each of the contested items. We therefore reverse the judgment and remand the case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*