Hurley, J.
Three actions for compensation of victims of violent crimes were filed on October 8,1987. The actions arise out of the same incident and have *125 been treated as one claim. After investigation, the Attorney General recommended the payment of compensation in the amount of $13,745.35. The plaintiff disagreed and did not assent to the Report of the Attorney General. Pursuant to Dist./Mun. Cts. Supp. R. Civ. P., Rule 150(d) the report was filed with the District Court on May 20,1988. The case washeard June 20,1988. The court ruled in favor of the plaintiff andorderedcompensation for-the use of accumulated sick and vacation time. This appeal is before us on report from that determination.
On February 1,1987, the plaintiffs were riding in an automobile when struck by a car driven by a person subsequently charged with Operating a Motor Vehicle While Under the Influence'of Intoxicating Liquor and Operating so as to Endanger. G.L. c. 90, § 24. The plaintiffs suffered serious personal injuries necessitating hospitalization and follow-up care/The trial judge found that the plaintiffs were the victims of a violent crime and that finding is not questioned on appeal. The trial judge found for the plaintiff in the amount of $18,595. The Commonwealth contests the inclusion in that amount of $5,910 in sick and vacation pay.[2] The plaintiff has not filed a brief. The Attorney General’s recommendation includes payment of all unreimbursed medical expenses and all unpaid lost earnings.
G.L. c. 258A, § 5 provides, in relevant part, that “[a]ny compensation paid under this chapter shall be in an amount not exceeding out-of-pocket loss, together with loss of earnings or support resulting from such injury. Any compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained . . .” In determining loss of earnings, the statute provides that “ [i]f the victim was employed at the time of the injury, loss of actual earnings shall be based upon the victim’s net salary at the time of the injury.” Since G.L. c. 258A establishes certain rights of recovery which did not exist prior to the enactment of the statute, the statute must be construed according to its express terms. Gurley v. Commonwealth, 363 Mass. 595, 600 (1973). The statute does not expressly refer to the use of vacation and sick time by a covered victim as items of out of pocket losses.
Since the victim Joseph Petrillo was employed at the time of the injury, his loss of actual earnings must be based upon his net salary at the time of the injury.[3] The trial judge found the total lost wages of Joseph and Stephanie Petrillo to be $18,595.[4] Based upon the length of time J oseph Petrillo was out of work as a result of the injuries he sustained, the trial judge determined his loss of actual earnings to be $8,580. Joseph Petrillo received $5,910 from his employer in vacation and sick leave compensation. The actual out of pocket loss of earnings to the plaintiff Joseph Petrillo is $2,670.
The legislature has provided a limited range of recovery from the Commonwealth. Schneiderman v. Commonwealth, 59 Mass. App. Dec. 134 (1977). A victim of a covéred crime may receive compensation for out of pocket losses and lost earnings. G.L. c. 258A, § 3(a). Out of pocket loss is defined by section 1 as “unreimbursed or unreimbursable expenses for services eligible for compensation pursuant to this chapter.” Section 5 provides that “[n]o-compensation shall be paid unless the claimant has incurred an out of pocket loss of at least one hundred dollars or has lost two continuous weeks of earnings or support.”[5] Section 6 provides “[a]ny *126 compensation paid pursuant to this chapter shall be reduced by the amount of any payments received orto be received as a result of the injury(a) from or on behalf of the offender, (b) under insurance programs, or (c) from public funds.”
The trial judge denied the following requests for rulings made by the Attorney General:
(3) As a matter of law, the use of accumulated sick and vacation time does not constitute an “actual loss” sustained.
(4) As a matter of law, the claimant has failed to sustain his burden of proving he suffered an “actual loss of earnings.”
(6) As a matter of law, the claimant is not entitled to compensation for the use of accumulated sick or vacation time.
We determine that G.L. c. 258A does not authorize the payment of compensation for the use of accumulated sick or vacation time. The statute does not expressly provide for their recompense nor does the construction of the statute in Gurley v. Commonwealth, supra at 597 (1973) concerning future loss of earnings and support include such items within the statutory phrase “compensation for loss of earnings and support.” If this plaintiff had chosen to purchase some form of disability or wage continuation insurance, any amounts he recovered from such insurance would have to be accounted for in accordance with Section 6. Because the plaintiff used benefits that he had does not mean that there has occurred an actual loss. The use of accumulated sick time because of the injuries the plaintiff sustained in the accident is not necessarily related to a use of sick time in the future. The use of these benefits prevented additional out of pocket loss to the plaintiff. In effect, the statute requires the exhaustion of other sources before the Commonwealth pays compensation.
The Attorney General’s requests numbered 3, 4, and 5 should have heen allowed. Compensation in the sum of $13,745.35 is awarded.

 The employer verified that of the seventy-five days the plaintiff Joseph Petrillo was absent from work, sixty-eight days were taken from sick leave and seven days from earned vacation.

 No issue is raised concerning the computation of loss of actual earnings of the plaintiff Stephanie Petrillo.

 This figure should be $18,615.

 The statute provides exceptions not relevant to this case.