Lenhoff, J.
The report discloses a Massachusetts General Laws, Chapter 258A proceeding whereby the appellant (plaintiff victim) seeks compensation as a victim of a violent crime.
After the Trial Court rendered its finding and judgment for the plaintiff *151 (appellant herein) claimant in the sum of $437.85, he caused this matter to be reported to this Body. Such action was prompted by a claim of error on the part of the Trial Court in failing to include in its damage award a sum for the plaintiffs future earning capacity loss.
At the time of the crime, the plaintiff was gainfully employed earning $294.00 per week. His injuries resulted from being struck on the back of his head with a wooden club, splitting it. He underwent a craniotomy for a subdural hematoma. He sustained brain damage and he is considered legally blind in both eyes. However, notwithstanding the foregoing, his employer continues to employ him at the same rate of pay that he received prior to his injury.
The Trial Court articulated its position that the plaintiff has and does suffer from disabilities caused by the criminal act that victimized him. Nevertheless, said Court found that his employment continues uninterrupted with no lost earnings except as is reflected in the damages awarded with reimbursements having been deducted as provided by statute. Further, the Trial Court clearly sets forth that the claimed future lost earnings are deemed too speculative to support recovery.
Based on all the facts presented, this tribunal agrees with the Trial Court and finds no error present.
There isn’t any question that one can rightfully claim as an element of damage in a Chapter 258A action, the loss of future earnings. See Gurly v. Commonwealth, 363 Mass. 595, 597 (1973); Dixon v. Commonwealth of Massachusetts, 1082 Mass. App. Div. 1 and G.L. c. 258A, §§ 3(a) and 5. But to find such loss of future earnings, the Trial Court in all the circumstances of this case, must find that such damage has been established. In the case at bar, the Trial Court did not so find because the plaintiff victim continues to be employed with his prior earnings capacity not interrupted or diminished, in actuality. That same could or might charge in the future is a possibility; not a probability, in the light of the evidence before the Trial Court. Consequently, the Trial Court’s ultimate finding of damages shows its reasoning in factually finding no future loss of earnings by reason that such loss is “too speculative to support recovery.” See Schneider v. Commonwealth, 59 Mass. App. Dec. 134, 137 (1977).
No prejudicial error having been found, the Report be and is hereby dismissed.'