Hurley, J.
This appeal is before the court pursuant to Dist./Mun. Cts. Supp. R. 150 Determination of Claims for Compensating'Victims of Violent Crimes. On March 7,1988, the plaintiff, Joanne Skinner on behalf of Lisa Skinner and Laurie Skinner filed claims under G.L. c. 258A: Compensation of Victims of Violent Crimes. The Office of the Attorney General received notice of the claims on March 7,1988, and after investigation wrote its Report and Recommendation.
The Attorney General recommended the payment of compensation in the amount of $64.22 on the claim on behalf of Lisa Skinner and $62.96 on the claim on behalf of Laurie Skinner, both for transportation costs incurred while obtaining medical care. The reports were not assented to by the plaintiff. After hearing the trial court entered findings and judgments in those amounts. The plaintiff appealed.
The victims are eight and nine year old children of the plaintiff. They were sexually molested and raped on numerous occasions by an unrelated adult male named Paul Wilson. He was sentenced to prison for these crimes. The victims were covered by insurance for the medical costs of their physical and emotional injuries. The plaintiff seeks compensation for her costs arising out of the prosecution of Mr. Wilson and for wages she lost while caring for her children following the discovery of Mr. Wilson’s crimes. In addition the plaintiff seeks compensation for her child care costs which she incurred for her other children while accompanying the victims to therapy. The Attorney General recommended, and the court awarded, payment of all reasonable transportation costs incurred pursuant to obtaining medical care for the victims.
By enacting G.L c. 258A, the legislature has provided a compensation plan for compensating victims of crime and certain other persons. See Piotti v. Commonwealth 370 Mass. 386 (1976). Section 1 defines a victim as “a person who suffers personal injury or death as a direct result of a crime.” The two minor children involved in these cases are victims. By section 3(a) “[A] victim of a crime shall be eligible for compensation for loss of earnings and for medical care or other necessary services, including his own reasonable mental health counseling, required because ofthecrime upon which theclaimis based...In additionfamily members, dependents and certain others are eligible for compensation for certain expenses. G.L. c. 258A §3 (b), (c), (d), (e). Those other categories of eligibility only arise in cases of the death of a victim as a direct result of the crime. The victims in *198 these cases are minor children, unemployed with no lost earnings. G.L. c. 258A does not by its terms provide compensation for a parent in the circumstances of this case. See Petrillo v. Commonwealth, 1989 Mass. App. Div. 124. It is not our function to extend rights of recovery beyond those conferred by the statute. Gurley v. Commonwealth, 363 Mass. 595, 600 (1973).
The plaintiff contends that the failure to compensate the minor victims in these circumstances violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and Pt. 1, Art. 1 of the Massachusetts Declaration of Rights. The plaintiffs argument overlooks the fact that it is a non-victim’s loss of earnings that she seeks to recover. This does not amount to invidious discrimination on the part of the legislature. See Pinnick v. Cleary, 360 Mass. 1 (1971); Edgar v. Edgar, 403 Mass. 616 (1988); and Sweeney v. Commonwealth, 1989 Mass. App. Div. 185. Alegislative definition of “victim” as notincluding a legal guardian does not constitute an inherently suspect class. Equal protection extends to classifications based on race, religion, alienage, gender, national origin or legitimacy. Commonwealth v. King, 374 Mass. 5, 21 (1977).
In this case there has been no classification. The plaintiff simply fails to fall within the statute’s definition of a victim who may receive compensation for lost wages as provided in section 3(a) of G.L. c. 258A. There has been no violation of equal protection guarantees.
Accordingly the report is dismissed.