Dohoney, J.
The plaintiff Bruce Meacham filed this claim for benefits on behalf of his minor sonpursuantto M.G.L.c. 258A (1988). Beginning in 1983 through August, 1985, the victim, then aged eleven, was sexually abused by his tutor. The victim’s parents made a report to the Milford police on November 23,1985, upon discovery of the crime. Criminal proceedings for indecent assault and battery on a child under fourteen were instituted against the tutor. The victim sustained physical and emotional injuries, with the resulting medical costs. The victim is now a nineteen year-old male residing at 3 Oak Terrace, Milford, Massachusetts.
The plaintiffs claim included medical costs, mileage expenses, lostwages, attorney’s fees, telephone bills and tutoring expenses. The District Court found for the plaintiff in the amount of $3030.00. This amount included attorney’s fees of $500.00; psychiatric counseling of $213.00; five vacation days for the plaintiff of $1,017.00; telephone bills of $30.00; mileage to court, to attorney’s office and to doctoral offices of $150.00; and tutoring of $1,120.00. The Commonwealth of Massachusetts believes only $215.60 for medical expenses is compensable and appeals.
The total documented medical expenses were $630.00, of which insurance paid $414.40. The Attorney General recommended payment of the remaining balance of $215.60.
The issue here is whether or not the District Court judge erred in awarding benefits to the plaintiff in the amount of $3,030.00 pursuant to c. 258A. The statute’s purpose is to provide limited compensation to victims of violent crimes. “A victim of a crime shall be eligible for compensation for loss of earnings and for medical care or other necessary services, including his own reasonable mental health counseling, required because of the crime upon which the claim is based.” M.G.Lc. 258A, § 3(a). The defendant’s assertions that the lower court judge erred are based on numerous theories:
1. The plaintiff, Bruce Meacham, should not be entitled to recover his lostwages because he was not the victim as defined for the purposes of the statute.
2. Compensation for attorney’s fees incurred in the criminal prosecution of the offender is outside the scope of M.G.Lc. 258A.
3. Compensation for telephone expenses is outside the scope of M.G.Lc. 258A.
4. Tutoring costs incurred prior to and not “as the result of the crime” are not compensable under M.G.L. c. 258A.
5. Recovery should not be granted upon speculative expenses, therefore, without evidence of mileage to and from medical care providers, the judge erred in awarding mileage expenses.
We will discuss each of the Commonwealth’s contentions in the order in which they are listed above.
*97 1. The victim’s father is not a “victim” as defined by c. 258A and therefore can not recover for his lost wages. For the purposes of this statute, “victim” is defined as “a person who suffers personal injury or death as a direct result of a crime.” M.G.L.C. 258A, § 1. While this court does not dispute the plaintiffs anguish and suffering caused as a result of the assault on his minor son, we hold as a matter of law the plaintiff was not a “victim” as defined in the statute. Where the language of the statute is plain, it must be interpreted in accordance with the usual and natural meaning of the word. Commonwealth of Massachusetts v. Thomas, 359 Mass. 386, 387 (1971). Bruce Meacham, Jr. is the victim in this action. His father, the plaintiff, is not a victim as he suffered no personal injury or death.
In a recent case, compensation for lost wages by a parent of minor victims was determined to be non-compensable:
The victims in these cases are minor children, unemployed with no lost earnings. G.L. c. 258A does not by its terms provide compensation for a parent in the circumstances of this case. See Petrillo v. Commonwealth, 1989 Mass. App. Div. 124. It is not our function to extend the rights of recovery beyond those conferred by the statute. Gurley v. Commonwealth, 363 Mass. 595, 600 (1973).
Skinner v. Commonwealth, 1989 Mass. App. Div. 197, 198. Skinner is directly on point because it involved a claim by a parent of two children who had been sexually assaulted.
2. The defendant contends the plaintiff’s pursuit for compensation for attorney’s fees does not fall under the definition of “other necessary services” as contemplated by c. 258A. Chapter 258A allows a claimant to retain counsel and authorizes a court to “determine and allow reasonable attorney’s fees, which shall not exceed fifteen percent of the amount awarded as compensation under this chapter... to the attorney representing the claimant.” M.G.L.c. 258A, § 4. The defendant’s argument is that the plaintiff was seeking compensation for costs arising out of a legal proceedings unrelated to his claim for victim compensation. Appellant’s Brief at 8.
The record from the District Court below does not specifically clarify for which legal proceeding (either the criminal prosecution of the tutor or the filing of the c. 258A claim) the attorney fees were awarded. But, entry of a verdict imports finding of every fact necessary to support it. O’Connor v. Dwyer, 359 Mass. 747 (1971). Therefore, we must assume since an award was made for attorney’s fees, that it was based on the proper conclusion that the attorney fees were related to this c. 258A claim. Although the awarding of attorney’s fees seems to have been proper in this case, the amount of the award was incorrectly calculated pursuant to the statute. Attorney's fees must not exceed fifteen percent of the total amount awarded. M.G.L.c. 258A, § 4. We will grant attorney’sfees in an amountto be calculated pursuantto the statute afterwe determine the total allowable benefits.
3. The defendant also contests the awarding of compensation to the plaintiff for telephone bills because c. 258A is to provide compensation for “out-of-pocket” losses only. M.G.L.C. 258A, § 5. An “out-of pocket” loss is defined as “unreimbursed or unreimbursable expenses for services eligible for compensation pursuant to this chapter.” M.G.L.C. 258A § L Services eligible for compensation are compromised of “medical care or other necessaiy services, including his own reasonable mental health counseling, required because of the crime upon which the claim is based.” M.G.L.C. 258A, § 3(a). In discussing legislative intent, the Court stated:
We believe that the legislature intended that the other services for which compensation could be awarded under this statute are limited to such *98 services that are reasonably calculated to restore the plaintiff to health so that he is able to return to work. Without attempting to enumerate every kind of service for which reimbursement might be awarded, examples of such services might be nursing care, rehabilitation therapy, prosthetic apparatus, when required, out-patient after care, and vocational reeducation in case where the victim’s injuries are such as would preclude him from following his previous customary matter.
Schneiderman v. Commonwealth, 59 Mass. App. Dec. 134, 138 (1977).
The victim of a violent crime can never be made whole and, in fact, the inclusion of a statutory maximumbenefitis recognition ofthis unfortunate fact. M.G.L.c. 258A,§5. Limited resources require that the statute be narrowly read so as to fairly allocate available funds to all victims. Compensation for telephone bills will unduly broaden the statute and reduce the funds available to compensate victims for their necessary medical expenses.
Details of legislative policy not spelled out in a statute may appropriately be determined, in the first instance, by the agency charged with the administration of that statute. Howard Johnson v. Alcoholic Bev. Comm., 24 Mass. App. Ct. 487, 490 (1987); Cleary v. Cardullo’s Inc., 347 Mass. 337, 344 (1964). If an administrative action is in harmony with the legislative mandate, the court must apply all rational presumptions in favor of the validity of the action. Consolidated Cigar v. Dept. of Public Health, 372 Mass. 844, 855 (1977).
The Attorney General is charged with the investigation of c. 258A claims and with making recommendations regarding compensation to the District Courts. M.G.L.C. 258A, § 4. The Attorney General verifies all statements made by the claimant, conducts any inquiry required, calculates the amount of compensation or determines no compensation should be paid, and presents its recommendations to the District Court. In the same manner as any agency charged with the administration of a statute, the Attorney General, with guidance from the courts, has interpreted the various sections of c. 258A to effectuate the determinations of the claims. The Attorney General has consistently maintained that telephone expenses were not compensable. Where the language of a statute is vague or permits more than one interpretation, an agency’s construction of the statute should be given due weight. M.G.L.c. 30A; Act Heating Services v. State Tax Comm., 371 Mass. 254, 256 (1976); Cleary v. Cardullo’s Inc., 347 Mass. 337, 344 (1964). In light of the Attorney General’s consistent interpretation of the statute and for policy reasons discussed above, compensation for telephone expenses are not compensable under c. 258A.
4. The defendant correctly points out that the plaintiff s claim for compensation for tutoring costs were not “necessary services ... required because of the crime upon which the claim is based.” M.G.L.C. 258A, § 3 (a) (emphasis added). The tutoring costs were not incurred as a result of the crime. The tutor caused the crime. Since the tutor costs were not incurred as a result of the crime, the victim may not receive compensation for these costs.
5. Lastly, the defendant appeals the awarding of compensation for undocumented mileage. It is well established that “one who brings a proceeding under a statute commonly must prove himself within its terms.” Sullivan v. Quinlivian, 308 Mass. 339, 342 (1941); King’s Case, 220 Mass. 290, 293 (1915) The burden of proof rests upon the plaintiff to demonstrate his qualifications for compensation under the victim’s of violent crimes statue. The plaintiff failed to provide any documentation of his mileage expenses to and from necessary medical care. Claims must not be “too speculative to support recovery.” Dill v. Commonwealth, 1989 Mass. App. Div. 150, 151; affirmed 408 Puss. 1004 (1990). Therefore the trial judge should not have granted compensation for *99 the undocumented mileage.
Accordingly, the judgment is vacated and the clerk of the Milford Division is directed to enter judgment for the plaintiff in the amount of $215.60 for medical expenses and $32.34 for counsel fees.