STATE v. M. A. COMER.[1]

February 2, 1940.

No. 32,322.

*Elwin E. Hadlick* and *Thomas Tallakson,* for appellant.

*J. A. A. Burnquist,* Attorney General, *R. S. Wiggin,* City Attorney, and *J. A. Hadley,* Assistant City Attorney, for the State.

HILTON, JUSTICE.

Defendant was found guilty of selling soft drinks without first procuring a license from the division of hotel inspection of the Minnesota department of health.

The pertinent facts have been stipulated. Defendant operates a gasoline filling station in Minneapolis. He sold soft drinks at his station for the accommodation of the public. He did not have a license to do so. The beverages were kept in a cooler from which the purchaser served himself by selecting the desired bottle. The buyer uncapped it and consumed the contents directly from the bottle. No drinking glasses or other conveniences were provided. At the station, in addition to the soft drinks, over 40

[1]Reported in 290 N. W. 434.

different articles for automobile and household use were merchandised, including ice for home consumption.

The relevant statutes must be quoted to present the issues properly. By 3 Mason Minn. St. 1938 Supp. § 5905, it is provided that a person operating a place of refreshment must procure a license from the division of hotel inspection at the cost of $3.50. By § 5903, a place of refreshment is defined as:

"Every building or structure, or any part thereof, used as, maintained as, or advertised as, or held out to be a place where confectionery, ice cream, sandwiches, or drinks of various kinds are made, sold or served at retail, shall, for the purpose of this act, be deemed to be a place of refreshment. Provided, however, that a general merchandise store or grocery store retailing or serving * * * soft drinks * * * of any kind, if such * * * soft drinks are sold and delivered to the public in an original container and the purchaser thereof consumes the contents directly from the original container, shall not be deemed a place of refreshment within the meaning of this act."

Defendant asserts that he does not conduct a place of refreshment within the meaning of the act.

In deciding the merits of defendant's contention, we are met at the outset with the question whether the equal protection clause of U. S. Const. Amend. XIV, and the provisions of Minn. Const. art. 4, §§ 33, 34, would be violated if the conviction were sustained, that is, if it were held that defendant does conduct a place of refreshment within the meaning of the act and is required to obtain a license.

There is no doubt that the state, by virtue of its police power, can require those selling soft drinks to procure a license. The legislature has extensive powers which it can exercise in determining whether an evil exists and what regulatory laws are needed. While the legislature is not compelled to regulate all evils simply because it undertakes to legislate as to one, see Patsone v. Pennsylvania, 232 U. S. 138, 144, 34 S. Ct. 281, 58 L. ed. 539, it cannot arbitrarily discriminate between members of

the same class in the particular field it does undertake to license. See 17 R. C. L. pp. 507-515, §§ 30-34, where the general principles are discussed. See Louisville G. & E. Co. v. Coleman, 277 U. S. 32, 37, 48 S. Ct. 423, 425, 72 L. ed. 770, wherein it is said:

"The power of the state to classify for purposes of taxation is of wide range and flexibility, provided always, that the classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'"

This statement expresses the fundamental principle that runs throughout the realm of constitutional law. Legislation, even in a field where the power is conceded, must conform to constitutional requirements. Otherwise substantive rights are shattered.

Recurring to the matter for decision, the statute provides for the regulation by license of a particular form of business activity. All those within the general class of that activity must be treated the same unless reasonable and substantial grounds for differentiation exist. See discussion, City of Danville v. Quaker Maid, Inc. 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 592. General merchandise stores and grocery stores are exempted from the requirement of obtaining a license, provided the soft drink is sold in, and consumed from, the original container. The purpose of the latter requirement is to protect the public health and coördinate the statutes dealing with supervision of beverage manufacturing and bottling with §§ 5903 and 5905. The statute does not expressly exempt a filling station which sells soft drinks in the original container. Yet these soft drinks are bottled with the same safeguards and subject to the same supervision as those retailed at a general merchandise store (assuming for the moment that a filling station is not within this category) and grocery stores. The state's interest in the health of its citizens is protected equally well in the case of a sale at the filling station as at a general merchandise store or a grocery store. This being self-evident as well as true, the only remaining ground for difference in treat-

ment is that the sale in one instance is at a store and in the other at a filling station. The requirement for a license hinges upon this alone. If we held that a filling station did not come within the exemption granted to "general merchandise stores" and still upheld the constitutionality, form would prevail over substance. There is no reasonable basis for requiring a license from one and not the other so long as the exemption is contingent upon the incorporated conditions. Violation of fundamental constitutional rights would follow. Every citizen has an absolute right to be free from the imposition of an unconstitutional license whether the fee is large or small. While in each instance determination of constitutionality generally is a question of degree, the right itself is unqualified. An exemption is but one form of classification. An exemption differentiating in treatment without substance to fortify it is violative of the equal protection of the laws (see 12 Am. Jur., Constitutional Law, §§ 480-482, 508, where long established general principles, supported by cases, are fully stated). Likewise, it is offensive to Minn. Const. art. 4, §§ 33, 34. See State ex rel. Hoffman v. Justus, 91 Minn. 447, 98 N. W. 325, 64 L. R. A. 510, 103 A. S. R. 521, 1 Ann. Cas. 91, wherein we held with respect to the provisions mentioned prohibiting special or class legislation that a Sunday closing law was not invalid since there was justification for the difference in treatment in the regulations therein involved.

But a statute must not be construed as unconstitutional if it is open to a valid construction. Of course, neither the intention of the legislature nor the language of the law can be violated. Starting from the premise stated, we think that the present exempting provision is broad enough to include within the category of "general merchandise store" a filling station retailing more than 40 different articles and dealing in commodities for both automobile and home use. The mere fact that a gasoline station has been termed a "station" is immaterial. Its business, under the stipulation, while not comprehensive, is at least broad enough to bring it within the exclusion. The term "general merchandise

store" must be understood in a broad rather than a restricted sense so that constitutionality can be preserved. Consequently, the defendant did not have to have a license.

The judgment is reversed.

STONE, JUSTICE (dissenting).

I consider that there is so much difference in so many respects, both intrinsic and extrinsic, between a filling station and a "general merchandise store," that the legislature may well put them in different categories for purposes such as those presently involved. To hold otherwise appears to me to be but the forging of a judicial shackle for legislative action, which by so much would be a transgression of judicial power. In my opinion the judgment should be affirmed.

HOLT, JUSTICE (dissenting).

I concur in the above dissent.