## ASSOCIATED FOOD SERVICES, INC., AND OTHERS v. COMMISSIONER OF TAXATION.
## MINNESOTA AUTOMATIC MERCHANDISING COUNCIL v. STATE AND OTHERS.

216 N. W. 2d 253.

February 8, 1974—Nos. 44310, 44311, 44312, 44313, 44314.

278

*Warren Spannaus*, Attorney General, and *Edwin P. Lee*, Special Assistant Attorney General, for appellants.

*Faegre & Benson, Jack D. Gage, Gordon G. Busdicker*, and *Bruce A. Ackerman*, for respondents Associated Food Services, Inc., ARA Service of Minnesota, Inc., and Automatic Vending Service of Duluth, Inc.

*Chestnut, Brooks & Burkard, William F. Brooks, Jr.*, and *David G. Kuduk*, for respondents SirVend, Inc., and Minnesota Automatic Merchandising Council and its members.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Scott, JJ., and considered and decided by the court.

SCOTT, JUSTICE.

Plaintiff Minnesota Automatic Merchandising Council commenced a declaratory judgment action in Ramsey County District Court against the State, the commissioner of taxation, and the director of the Sales and Use Tax Division of the Department of Taxation. Associated Food Services, Inc., ARA Service of Minnesota, Inc., Automatic Vending Service of Duluth, Inc., and SirVend, Inc., pursuant to Minn. St. 297A.35, each appealed to the same court from a denial of a refund of sales taxes by the commissioner. For purposes of clarity, all of the parties bringing these actions will hereinafter be referred to as the plaintiffs. Because the actions involved common questions of law and fact, they were consolidated pursuant to Rule 42.01, Rules of Civil

Procedure, and subsequently tried without a jury. The district court held in all of these cases that Reg. Tax S & U 9(f)(4) was inconsistent with the provisions of Minn. St. c. 297A, which imposes a sales and use tax, and that the regulation was also unconstitutional. Defendants appeal from the judgments and the denial of their motions for amended findings of fact or a new trial, which they had filed in all of these actions. The judgments of the district court are reversed and the commissioner's refund denials affirmed.

The plaintiffs are engaged in the business of selling food products through vending machines in the State of Minnesota. These products generally consist of milk, candy, cookies, ice cream, pastry, snacks, canned soft drinks, and soft drinks and coffee which are mixed in the machine and served in cups. These products, excepting the latter two, are prepackaged and sold in individual portions. Defendants have stipulated that these products would be tax exempt if sold by a grocery store, and there was testimony at trial that many of these items are actually sold by grocery stores.

Plaintiffs' sales are in denominations of nickel amounts and thus far there is no mechanism available for taking pennies or returning them as change. The products sold by vending machines are produced by food manufacturers in standard sizes. Fractional sizes for purposes of including the tax within the nickel amounts are not available from suppliers.

Minn. St. 297A.02 provides as follows:

"Except as otherwise provided in Extra Session Laws 1971, Chapter 31, Article 1, there is hereby imposed an excise tax of four percent of the gross receipts from sales at retail, as hereinbefore defined, made by any person in this state after October 31, 1971.

"Notwithstanding the foregoing, the tax imposed hereby upon sales at retail through coin-operated vending machines shall be three percent of the gross receipts of such sales."

This statute appears to be a strong indication of the legislative intent concerning the treatment of sales through vending machines. However, the plaintiffs claim that the sale of *food* through vending machines should be exempt despite the above statute.

Pursuant to Minn. St. 297A.29, the commissioner promulgated Reg. Tax S & U 9(f)(4), hereinafter Reg. 9(f)(4), which provides:

*"Generally, food will be 'taxable food' when furnished, prepared or served by* restaurants, cafeterias, delicatessens, lunch counters, coffee shops, snack bars, eating houses, hotels, motels, lodging houses, drug stores, diners, bars, *vending machines,* drive-ins, mobile sales units, clubs, and similar businesses, including all those required to be licensed as eating places under M.S. Section 157.03, irrespective of whether meals or drinks are served regularly to the public by such vendors." (Italics supplied.)

Plaintiffs contend, and the district court has concurred with them, that as it applies to vending machines this regulation is invalid and unconstitutional. We cannot accept this contention.

Minn. St. 297A.29 provides:

"The commissioner shall promulgate all needful rules and regulations for the administration and enforcement of sections 297A.01 to 297A.44 not inconsistent with its provisions and such regulations shall have the force and effect of law."

Therefore, the validity of Reg. 9(f)(4) is dependent upon whether the commissioner's classification of vending machine food is inconsistent with the provisions of Minn. St. c. 297A.

Minn. St. 297A.01, subd. 3(c), specifically includes in the definition of sale "[t]he furnishing, preparing or serving for a consideration of food, meals or drinks * * *." Minn. St. 297A.25, subd. 1(a), specifically exempts from taxation the gross receipts from the sale of food products. All of the parties agree

that, under these two sections, the sale of food by a restaurant is taxable and the sale of food by a grocery store is tax exempt.

The burden of showing that vending machine sales of food are exempt from taxation is clearly on the plaintiffs in this case. Minn. St. 297A.09 provides:

"For the purpose of the proper administration of sections 297A.01 to 297A.44 and to prevent evasion of the tax, it shall be presumed that all gross receipts are subject to the tax until the contrary is established. The burden of proving that a sale is not a sale at retail is upon the person who makes the sale * * *."

Also, Minn. St. 297A.33, subd. 5, provides:

"The tax, as assessed by the commissioner, with any penalties included therein, shall be presumed to be valid and correctly determined and assessed, and the burden shall be upon the person required to file the return to establish the incorrectness or invalidity of the assessment."

The primary argument, which the plaintiffs assert and upon which the district court relied, is that since the same products could be sold by both a vending machine and grocery store, and since Minn. St. 297A.25, subd. 1(a), does not make location a condition of tax exemption, the food products sold by vending machines are exempt. We cannot accept this similarity-of-products test. At trial, the owner of a company which prepackaged sandwiches testified that they were not only sold to vending machine owners and grocery stores, but restaurants as well. This testimony illustrates the potential unreliability of the similarity-of-products test. Even if vending machines were made tax exempt, the unequal tax treatment of sales of the same product would still exist. We hold that the plaintiffs have not overcome the presumption of taxability. Therefore, sales of food by vending machines are not tax exempt and Reg. 9(f)(4) is valid.

The legislature has classified food retailers into two groups for purposes of taxation by taxing food sales by restaurants but not grocery stores. None of the parties questions the constitu-

tionality of this classification. The commissioner, under his statutory authority, has promulgated a regulation which in effect says that vending machines are more like restaurants than grocery stores. The district court held that this regulation, even if otherwise valid, is arbitrary and unreasonable, and that it constitutes a denial of equal protection within the meaning of Article I, § 2, and Article IV, § 33, of the Minnesota Constitution, and under the Fourteenth Amendment to the Constitution of the United States. The court reasoned that since grocery stores and vending machines sold the same products they were members of the same class for tax purposes and should be treated equally. Again, we reject this reliance on similarity of product and point to the testimony in the record showing that the same prepackaged sandwiches were sold through vending machines, grocery stores, and restaurants. If similarity of product is the test, restaurants could not be taxed either, without violating the equal protection clause, despite the legislative determination, acknowledged by all parties, that going to a restaurant is a taxable luxury and purchasing food at a grocery store is a nontaxable necessity. While grocery stores and vending machines do sell some of the same products, this factor alone does not necessarily make them part of the same class for sales-tax purposes. Rather, the test should be whether a vending machine, in its method of merchandising and the consumer market it serves, is more like a grocery store or a restaurant.

The trial court found that vending machines are more like grocery stores in that they often serve as substitutes for one another, but we find nothing in the record to substantiate this. On the other hand, the record does support a finding that vending machines are more like restaurants. The trial court's own finding states:

"* * * The vending machines * * * are located throughout the state in a large number of offices, industrial locations, and commercial buildings in general."

This finding would permit the inference that vending machines are situated so as to supply consumers with refreshment where they work. Thus, their major competition is the coffee shop or snack bar—not the grocery store.

An exhibit entitled "Vending and Food Service Management Review" clearly points out that the vending machine owners consider themselves to be a part of the fast food service industry:

"Americans 'on the go' have adopted a life style which seeks instant availability of foods and refreshments, whether at work, on the campus, at play or on the road. The growth of franchised specialty restaurants is part of that trend, but so is the less well known maturation and acceptance of service firms which employ vending machines, mobile catering trucks, in-office coffee service and conventional lunchroom serving methods.

"The managers of businesses and institutions, recognizing the specialized nature of food and beverage services, have increasingly turned this function over to professional firms on a contract or management fee basis.

"Labor cost and turnover also led to a desire to leave food and coffee break management in the hands of outside experts.

"Vending machine installations have benefited especially from the trend toward lighter meals and from the proven benefits of work breaks, now often taken at the employee's discretion during his work day."

Plaintiffs rely heavily on State v. Comer, 207 Minn. 93, 290 N. W. 434 (1940), where we dealt with a statute which required that places of refreshment be licensed but exempted general merchandise stores or grocery stores which sold soft drinks in their original containers. The defendant operated a filling station which also sold bottled soda, and he was convicted for not obtaining a license. The purpose of the license requirement was "to protect the public health and coordinate the statutes dealing with supervision of beverage manufacturing and bottling * * *."

207 Minn. 95, 290 N. W. 436. We held that this purpose was fulfilled whether bottles of soda were sold by grocers or filling stations, and to exempt the former and not the latter from license requirements was a violation of the equal protection clause of the United States Constitution and Article 4, §§ 33, 34, of the Minnesota Constitution. The Comer case is distinguishable from the one at hand. In Comer, the sale of soda in its original container avoided the physical handling of the soft drink by the retailer. Thus, the health reasons behind licensing were fulfilled by all those who sold bottled soda, and there was no valid reason to exempt from licensing only some of those retailers and not others. In the present case, the legislature has already divided the general class of food retailers into those that sell taxable food and those that sell exempt food. As in Comer, the retailers of both groups are capable of selling the same products. But, unlike Comer, there is a reasonable distinction which divides the two groups—method of merchandising. By examining a retailer's method of merchandising, one can tell whether that retailer performs the function of a grocer or restaurant. This secondary classification made on the basis of method of merchandising helps accomplish the legislative purpose of taxing food only when sold as a luxury and, consequently, avoiding a regressive tax on necessities.

The trial court also found that Reg. 9(f)(4) denied plaintiffs equal protection on another ground. The court reasoned that because plaintiffs were unable to use machines which receive and dispense pennies as change, and because plaintiffs are unable to obtain off-size products, plaintiffs are unable to pass the sales tax on to the consumer like other retailers. This, it said, is a violation of equal protection.

Minn. St. 297A.02 imposes a sales tax on the gross receipts from all retail sales made by vending machines. Although the trial court addressed itself only to the constitutionality of Reg. 9(f)(4), its holding, in effect, would also invalidate this statute, since the mechanical problems of not being able to collect the

penny tax are common to all vending machines. We hold, however, that the legislature has not acted arbitrarily or unreasonably by imposing a tax on vending machine sales.

Minn. St. 297A.02, which imposes a sales tax on all retailers, and 297A.03, which allows them to pass the tax on to purchasers, are two independent provisions. The fact that the plaintiffs have adopted a method of business which, for mechanical reasons, prohibits them from taking advantage of the pass-on provision does not automatically exempt them from the provision imposing the tax, nor does it necessarily mean that they have been arbitrarily discriminated against. As Mr. Justice Cardozo, in Fox v. Standard Oil Co. of New Jersey, 294 U. S. 87, 102, 55 S. Ct. 333, 339, 79 L. ed. 780, 790 (1935), once said:

"* * * We have never yet held that government in levying a graduated tax upon all the members of a class must satisfy itself by inquiry that every group within the class will be able to pay the tax without the sacrifice of profits. The operation of a general rule will seldom be the same for everyone. If the accidents of trade lead to inequality or hardship, the consequences must be accepted as inherent in government by law instead of government by edict."

It cannot be said, however, that the legislature has completely ignored the plight of the vending machine owners. Minn. St. 297A.02 taxes the gross receipts from sales at retail from vending machines at three percent, while the gross receipts from all other retail sales are taxed at four percent. During oral argument the plaintiffs themselves admitted that the legislature's favoritism in rate was probably motivated by the inability of vending machines to pass the tax on to the consumer. Thus the legislature, rather than discriminating against the plaintiffs, has in fact favored them in an attempt to remedy the inequalities produced by the nature of their business methods.

Both parties cite a multitude of cases dealing with the inability of vending machine owners to collect a sales tax under a so-

called bracket system. The states in those cases imposed a sales tax which was collected from the retailer on the basis of a percentage of gross sales receipts and was allowed to be passed on to the consumer via a bracket system. Because most of the items sold by vending machines were sold at prices too low to collect any tax under the bracket system, vending machine owners contested whether they had a duty to pay a sales tax on the basis of a percentage of gross receipts. See, e. g., Winslow-Spacarb Inc. v. Evatt, 144 Ohio St. 471, 30 Ohio O. 97, 59 N. E. 2d 924 (1945) (holding that it is a denial of equal protection to require that vending machine owners pay a sales tax that they are unable to pass on to the consumer via the bracket system); Calvert v. Canteen Co. 371 S. W. 2d 556 (Tex. 1963) (rejecting an equal protection challenge to a bracket system by vending machine owners). We find all of these cases to be distinguishable from the one at hand. In the cases relied on by the plaintiffs, the impossibility of vending machines collecting the tax from the consumer was induced by the creation of a bracket system by the legislature or tax commissioner. In the present case, the impossibility is induced by the limitations of a certain method of doing business, something completely beyond the state government's control.

In summary, we hold that Reg. 9(f)(4) is consistent with Minn. St. c. 297A and, therefore, is a valid regulation. We also hold that the legislature's imposition of a sales tax on vending machine owners has not denied them the equal protection of the law.

Reversed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.