REQUESTED BY: Dear Senator Maresh:
You have informed us that you intend to offer an amendment to LB 44. Apparently you plan to eliminate sales tax on food sold at grocery stores, while retaining it on food sold at restaurants. You ask whether there would be any constitutional difficulties with such a provision.
We conclude that there are no such problems. The only constitutional we can see against such a provision is that it would constitute unreasonable classification, in violation of Article III, section 18, of the Nebraska Constitution. We do not believe a court would sustain such an argument.
We are informed by the Department of Revenue that approximately 19 states have such a provision in their sales tax acts. This fact would make us hesitant to hold that it constituted unreasonable classification, even if we were so inclined.
The courts have held that in the sales tax field the Legislature has great latitude in establishing the class to which the tax shall apply, or the class to be excluded from the tax, and to invalidate a tax for discrimination, exemption from its terms must be purely arbitrary. See 68 Am.Jur.2d 42, Sales and Use Taxes, § 27.
In Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322
(1967), the court said:
 "The power of a state to make reasonable and natural classifications for purposes of taxation is clear and unquestioned.
 "That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. * * * Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it." Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480."
In Associated Food Services Inc. v. Commissioner ofTaxation, 216 N.W.2d 253 (Minn. 1974), the court interpreted a statute exempting food sold in grocery stores but not restaurants. Vending machine operators said they sold the same items as could be bought in a grocery store, and so should be exempt. They contended that a contrary construction would be unconstitutional. The court rejected the argument saying:
 "If similarity of product is the test, restaurants could not be taxed either, without violating the Equal Protection Clause, despite the legislative determination, acknowledged by all parties, that going to a restaurant is a taxable luxury and purchasing food at a grocery store is a nontaxable necessity."
We believe the rationale used by the Minnesota Court to justify their classification is valid, and would sustain your proposed amendment from attack on equal protection or unreasonable classification grounds.