The COMMISSIONER OF REVENUE,
Respondent,

v.

APPLEBAUMS' FOOD MARKETS,
INC., Relator.

No. 50946.

Supreme Court of Minnesota.

Aug. 29, 1980.

Altman, Weiss & Bearmon and Arthur J. Glassman, St. Paul, for relator.

Warren Spannaus, Atty. Gen., Paul Kempainen and Jean Stepan, Sp. Asst. Attys. Gen., Dept. of Revenue, St. Paul, for respondent.

Heard before PETERSON, SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

The Commissioner of Revenue assessed sales tax on certain delicatessen sales by Applebaums' for the taxable period of January 1, 1975, through March 31, 1978, which Applebaums' properly protested. The Minnesota Tax Court, in its opinion dated August 28, 1979, found that the sale of hot chicken, hot turkey, hot chicken parts, and hot turkey parts by Applebaums' delicatessens is subject to the Minnesota sales tax,

but that the sale of "party trays" is exempt from tax. Both parties moved for amended findings. The Tax Court then amended its decision, holding that both the hot foods and the party trays are taxable. Applebaums' petitioned for a writ of certiorari on January 17, 1980, which was granted by this court. We reverse.

The following facts were stipulated by the parties:

Applebaums' is primarily in the business of selling food and food products to consumers at retail prices in its grocery supermarkets in Minnesota. It currently operates 27 such grocery supermarkets. Nineteen of Applebaums' supermarkets are "superstores," defined as stores which require additional space and include, in addition to traditional grocery supermarket departments, a service delicatessen, a service fresh meat department, and expanded dairy, frozen food, and produce departments. A service delicatessen is defined as a staffed display area from which all or substantially all of the items listed in Schedule A (Appendix A to this opinion) are sold to consumers by Applebaums' employees. Some preparation of each listed item is performed on the premises. The remaining eight supermarkets do not contain service delicatessens and do not prepare or sell the items listed in Schedule A.

There are no restaurants or "sit down" eating areas in any of Applebaums' grocery supermarkets.

The tax status of each item sold by Applebaums' service delicatessens and the type of preparation that occurs on the premises for each item is stated in Schedule A (Appendix A to this opinion).

The "party trays" sold by Applebaums', the taxability of which is in dispute, are sold by special order only and are composed of sliced meats and/or cheeses placed on a glass or metal tray, garnished and wrapped in clear plastic. The sliced meats and cheeses, which are not subject to tax when sold separately, are normally sold in conjunction with loaves of sliced bread or sandwich buns.

The hot chickens are prepared and cooked on the premises and kept warm, according to state regulations, until sold. Unsold chickens are cut up and used to make chicken salad sold by the service delicatessens. The hot turkeys are prepared and cooked on the premises only pursuant to customer orders. The hot chicken parts consist of (a) chickens which are split in half after being prepared and cooked on the premises prior to being sold in the same manner as the hot chickens described above, and (b) chicken parts purchased frozen, having been pre-fried by Applebaums' supplier, thawed by Applebaums' and put in the chicken warmer in packages of four to six pieces. The hot turkey parts consist of turkey legs prepared and cooked in the same manner as the hot chickens described above.

The issue for our determination is whether the sale of hot chicken, hot turkey, hot chicken parts, hot turkey parts (hereinafter "hot foods"), or party trays by Applebaums' service delicatessens is subject to Minnesota sales tax pursuant to Minn.Stat. § 297A.01, subd. 3(c) (1978), or exempt from such tax pursuant to Minn.Stat. § 297A.25, subd. 1(a).

Minn.Stat. § 297A.02 (1978) provides, in pertinent part:

Except as otherwise provided in Extra Session Laws 1971, Chapter 31, Article 1, there is hereby imposed an excise tax of four percent of the gross receipts from sales at retail, as hereinbefore defined, made by any person in this state after October 31, 1971.

A "sale" is defined in Minn.Stat. § 297A.01, subd. 3(c) to include "[t]he furnishing, preparing or serving for a consideration of food * * *." However, Minn. Stat. § 297A.25, subd. 1(a) specifically exempts the following from the tax imposed by § 297A.02:

The gross receipts from the sale of food products including but not limited to ce-

real and cereal products, butter, cheese, milk and milk products, oleomargarine, meat and meat products, fish and fish products, eggs and egg products, vegetables and vegetable products, fruit and fruit products, spices and salt, sugar and sugar products, coffee and coffee substitutes, tea, cocoa and cocoa products * *.

Applebaums' contends that the foods in question fall within the exemptions contained in § 297A.25, subd. 1(a).

Under the regulations promulgated by the Commissioner of Revenue, the foods are taxable. These regulations have the force and effect of law as long as they are consistent with the statute.[1]

Reg.Tax S & U 108(B)(1) (1979) provides:

(1) As a general rule, a sale of "taxable food" occurs when any of the following conditions exist:

(a) The vendor is in the business of selling "meals" or "drinks";

(b) The food sold is ready for immediate consumption;

(c) The food sold is usually consumed on the vendor's premises; or

(d) The vendor furnishes tables, counters, chairs, trays, glasses, cups, dishes or other eating utensils.

Because the hot foods and party trays meet the criterion in (b), the foods are taxable under the regulation.

Section 108(B)(2) provides:

As a general rule, a sale of "exempt food" occurs only if all of the following conditions exist:

(a) The food is sold in an unheated state;

(b) The food is of a type commonly sold in food stores such as supermarkets and grocery stores, which are not engaged in the prepared food business;

(c) The food is sold in the same form, condition, quantities and packaging as commonly sold in food stores; and

(d) The food is of a type not otherwise taxable when sold by food stores.

The hot foods do not meet the criterion in (a), and the party trays do not meet the criterion in (c), and therefore the foods are not exempt from tax under the regulation.

Reg. Tax S & U 108(B) contains other provisions which dictate the same result:

(3) Generally, food will be "taxable food" when furnished, prepared or served by * * * delicatessens * * *.

(4) Food items which are ordinarily sold for immediate consumption will be "taxable food" where sold on a "take out" or "to go" order, packaged or wrapped, and taken from the premises for consumption elsewhere. * * *

(5) Heated food or drink, regardless of form, condition, quantities and packaging is "taxable food". Chicken, barbecued spareribs, fish, spaghetti, pizza, chow mein, french fries, coffee, tea, etc. are "taxable food" whether sold by restaurants, caterers, food stores or vending machines.

(6) Cold sliced roast beef, corned beef, ham, cold cuts, etc., although already cooked and ready to be eaten, are "exempt food", provided they are sold in the same form, condition, quantities and packaging commonly used by food stores, i. e., by the pound weight. Cold salads, beans, cole slaw, etc. are "exempt food", provided they are sold by the pound, quart or pint, as in food stores.

* * * * * *

(11) A food store is engaged primarily in the sale of "exempt food" such as meat, fresh vegetables and fruits, canned goods, dairy products etc., which the purchasers carry away. However, a food

---

1. Minn.Stat. § 297A.29 (1978) provides:

RULES AND REGULATIONS. The commissioner shall promulgate all needful rules and regulations for the administration and enforcement of sections 297A.01 to 297A.44 not inconsistent with its provisions and such regulations shall have the force and effect of law.

store might also prepare "taxable food" on the premises, although there are no facilities for consuming it. For example, Supermarket sells chicken roasted on a rotisserie on the premises. Because the chicken is prepared by the vendor and sold in a heated state, the roasted chicken is "taxable food". However, bakery products, such as doughnuts, bread and pastries prepared and sold by food stores and bakeries for home consumption are "exempt food".

Applebaums' argues that the regulations are inconsistent with the statute and, in particular, that the distinction between hot and cold foods is arbitrary.

The legislative intent behind the statute was, in general, to tax food purchased at a restaurant as "luxuries," but to exempt food purchased at a grocery store as "necessities." See Associated Food Services, Inc. v. Commissioner of Taxation, 298 Minn. 277, 282, 216 N.W.2d 253, 257 (1974). In the Associate Food Services case, we were faced with the question of whether food products sold by vending machines are exempt from sales tax. We held that, under the statute, the test for taxability was whether a vending machine, in its method of merchandising and the consumer market it serves, is more like a grocery store or more like a restaurant. Because we found that vending machine owners consider themselves to be part of the fast food service industry, and their major competition is coffee shops or snack bars rather than grocery stores, vending machines are more like restaurants than grocery stores, and so the food is taxable.

Our application of this test to the hot foods and party trays in the instant case leads us to the conclusion that the foods are exempt from tax. The foods are sold in a grocery store to the grocery store's regular customers. Unlike a restaurant, Applebaums' provides no eating utensils, napkins, or plates, and has no place to sit down and eat with service. Unlike a fast food place, the foods are meant to be eaten at home rather than at or near the place of sale. We find persuasive Applebaums' arguments that the Commissioner's distinction between hot and cold foods is arbitrary and finds no basis in the statute and that the "ready for immediate consumption" test contained in the regulations is arbitrary, since hot foods and party trays are no more ready for immediate consumption than many of the admittedly exempt items on Schedule A, such as cold chicken or chicken salad. Furthermore, the chicken salad receives considerably more on–premises preparation than do the disputed items.

We hold, therefore, that insofar as the regulations make taxable Applebaums' sale of the hot foods and party trays in the delicatessen departments of grocery stores, without utensils and without a place to sit down, they are inconsistent with the statute and are void. We reverse and remand to the Commissioner of Revenue for proceedings not inconsistent with this opinion.

Reversed and remanded.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

Appendix A to follow.

Appendix A

Schedule A

| Item | Sold Hot or Cold | Sales & Use Tax Status | Type of On-Premises Preparation |
|---|---|---|---|
| Barbequed Chicken | Hot | In question | Cooked, kept warm until sold, packaged |
| Barbequed or Fried Chicken Parts | Hot | In question | Cooked or thawed, kept warm until sold, packaged |
| Barbequed or Fried Chicken Parts | Cold | Exempt | Cooked or thawed, refrigerated until sold, packaged |
| Turkeys (special order only) | Hot | In question | Cooked, kept warm until sold, packaged |
| Turkey Legs | Hot | In question | Cooked, kept warm until sold, packaged |
| Turkey Legs | Cold | Exempt | Cooked, refrigerated until sold, packaged |
| Party Trays (special order only) | Cold | In question | Coldcuts and cheeses are sliced, put on a tray and wrapped; made to customer specification |
| Ribs | Cold | Exempt | Cooked, refrigerated, wrapped |
| Barbequed Brisket of Beef | Cold | Exempt | Cooked, refrigerated, wrapped (may be sliced at customer's request) |
| Fruit Salad | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Chicken Salad | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Italiano Salad | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Coleslaw | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Potato Salad | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Shrimp Salad | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Sandwich Spread | Cold | Exempt | Ingredients cut, mixed, refrigerated, packaged |
| Cheese Balls | Cold | Exempt | Ingredients combined, refrigerated, packaged |
| Corned Beef, Pastrami, Ham, Turkey, Roast Beef, Other Prepared Meats | Cold | Exempt | Ingredients combined, rolled into ball, refrigerated, packaged |
| Cheeses | Cold | Exempt | Cut and wrapped |
| Bacon | Cold | Exempt | Cut and wrapped |
| Baklava | Cold | Exempt | Cut and wrapped |
| Sausages and Hot Dogs | Cold | Exempt | Wrapped |
| Corn Dogs | Cold | Exempt | Wrapped |
| Egg Rolls | Cold | Exempt | Wrapped |
| Baked Beans | Cold | Exempt | Packaged |
| Fruited Gelatin | Cold | Exempt | Packaged |
| Herring | Cold | Exempt | Packaged |
| Black Olives | Cold | Exempt | Packaged |
| Ice Cream | Cold | Taxable | Served for immediate consumption |
| Sundaes | Cold | Taxable | Served for immediate consumption |
| Frogurt | Cold | Taxable | Served for immediate consumption |
| Sandwiches | Cold | Taxable | Assembled and wrapped for immediate consumption |
| Sandwiches (requiring further preparation, i.e., heating) | Cold | Exempt | Prepared and wrapped |
| Pudding | Cold | Exempt | Packaged |
| Pizza | Cold | Exempt | Made on premises; ready for baking |
| "Box Lunch" | Cold | Taxable | Special order - See Exhibit 10; assembled and boxed |