THE SEILER CORPORATION & others[1] *vs.* COMMISSIONER OF
REVENUE.

Suffolk.  October 5, 1981. — December 4, 1981.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Taxation*, Sales and use tax.  *Constitutional Law*, Equal protection of
laws, Taxation.

Sales of certain foods and beverages through vending machines were sub-
ject to the meals tax imposed by G. L. c. 64H. [635-636]
Imposition of a tax under G. L. c. 64H on sales of certain foods and bev-
erages through vending machines while sales of such items at grocery
stores or supermarkets are not subject to tax does not violate the re-
quirements of equal protection of the laws contained in the Fourteenth
Amendment to the Constitution of the United States and in the Decla-
ration of Rights of the Constitution of the Commonwealth. [636-640]

CIVIL ACTION commenced in the Superior Court on April 14,
1977.

The case was reported to the Appeals Court by *Doerfer*, J.
The Supreme Judicial Court granted a request for direct
review.

*Robert T. Harrington* for the plaintiffs.
*William L. Pardee*, Assistant Attorney General, for the
Commissioner of Revenue.

WILKINS, J.  The plaintiff corporations, all engaged in
the retail food vending machine business, challenge the im-
position of an excise, pursuant to G. L. c. 64H, on certain
food items in unopened, original containers or packages sold
through their vending machines.  They argue that (1) the
meals tax imposed by G. L. c. 64H, as part of the excise,
commonly known as the sales tax, does not apply to those

---

[1] The other plaintiffs are Automatic Vendors, Inc., Servomation Corp.,
and Woburn Vending, Inc.

prepackaged food items and (2) if G. L. c. 46H were so construed, the excise would violate their right to equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States and under arts. 1, 7, and 10 of the Declaration of Rights of the Constitution of the Commonwealth. We conclude that sales of the items in dispute through vending machines are subject to the meals tax and that the imposition of that excise in the circumstances does not violate equal protection requirements.

The plaintiffs filed a complaint in the Superior Court seeking a declaration that vending machine sales of certain foods and beverages in their unopened, original containers are not subject to the meals tax imposed by G. L. c. 64H, § 6 (h). Because these items are commonly sold tax free in retail food stores that are not restaurants, the plaintiffs alleged further that the imposition of such a meals tax would deny them equal protection of the laws. The parties agreed on the material facts. A judge of the Superior Court reported the case to the Appeals Court pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and G. L. c. 231, § 111. We allowed the plaintiffs' application for direct appellate review. The plaintiffs seek a declaration as to their future obligations. They do not seek any refund of meals taxes previously paid. The Commissioner of Revenue (Commissioner), we think correctly, has not argued that these questions of broad significance should have been raised by applications for abatement of the meals taxes imposed. See *S.J. Groves & Sons* v. *State Tax Comm'n*, 372 Mass. 140, 142 (1977).

The plaintiffs operate thousands of retail food vending machines in educational institutions, hospitals, offices, and factories. They are licensed to operate vending machines under G. L. c. 94, § 309. The vending machines are self-service, mechanical or electronic devices which, on insertion of a coin or coins, dispense the particular item selected by the purchaser.

The Commissioner asserts that a meals tax is payable on all food and beverage items sold by the plaintiffs except sales through machines that sell only candy (see G. L. c. 64H,

§ 6 [*h*], fourth subparagraph, last proviso). The plaintiffs concede that some items they sell through vending machines are subject to the meals tax, items such as sandwiches, coffee, tea, soup, other hot beverages, soda not in cans, fruit, pancakes, sausages, and hamburgers. They claim, however, that other food items listed in the statement of agreed facts are exempt. The list of disputed items includes bakery products (such as cookies, cupcakes and brownies), beverages (such as milk, juices, soda, and fruit drinks), and other items (such as peanuts, potato chips, popcorn, and pretzels).[2] These items are commonly sold in retail food stores, such as convenience stores, grocery stores, and supermarkets, and their sale in such stores is not subject to the meals tax (unless sold at lunch counters or the like). Some of these items are sold in restaurants, and the meals tax is imposed on at least some of those sales.[3]

The Commissioner asserts that an excise is imposed by G. L. c. 64H, § 2.[4] Sales of "food products" for human consumption are generally exempt from the excise imposed by § 2. G. L. c. 64H, § 6 (*h*). "Food products" are defined, however, to exclude "meals," whether for consumption on or off the premises where sold (see G. L. c. 64H, § 6 (*h*), second subparagraph), thus making meals subject generally to the excise. "Meals" are defined to include any food or beverage "prepared for human consumption and provided by a restaurant," G. L. c. 64H, § 6 (*h*), third subparagraph, as appearing in St. 1977, c. 363A, § 46. In turn, a "restaurant," by definition, includes vending machines, in addition to eating estab-

---

[2] The plaintiffs purchase these items, individually wrapped or packaged, from manufacturers or local distributors, and the individual items are placed in their vending machines without any change in the wrappings or containers and without further preparation or processing.

[3] The record does not indicate why some such items sold by restaurants are not subject to the meals tax.

[4] Prior to January 1, 1978, the meals tax was imposed by G. L. c. 64B. In 1977, the meals tax was incorporated into the general sales tax, G. L. c. 64H. St. 1977, c. 363A, § 46, effective January 1, 1978 (see St. 1977, c. 363A, § 76).

lishments more commonly thought of as restaurants. G. L. c. 64H, § 6 (h), fourth subparagraph. The general principle is thus that food products sold by vending machines are normally subject to the meals tax.

We come then to the fifth and last subparagraph of G. L. c. 64H, § 6 (h). The plaintiffs argue that it takes sales of the disputed items out of the reach of the meals tax. The Commissioner argues to the contrary. The fifth and last subparagraph of § 6 (h) is set forth in the margin.[5]

The plaintiffs contend that the disputed items should not be deemed "meals" because they are "food or beverages sold by a restaurant for consumption off the restaurant premises," are "(a) food sold . . . in unopened original containers or packages," and are "foods . . . commonly sold in such manner in a retail food store which is not a restaurant." The Commissioner not only challenges the plaintiffs' interpretation of this language of clause (a), but she also argues that this language is immaterial. She points to the last sentence of the fifth subparagraph of § 6 (h). Surprisingly, the plaintiffs' brief does not discuss this final sentence. We think it is dispositive of the issue.

The final sentence of the fifth subparagraph of § 6 (h) states in part that "snacks . . . or other food combinations, to the

---

[5] The last subparagraph of § 6 (h), as appearing in St. 1977, c. 363A, § 46, reads as follows:

"The following food or beverages sold by a restaurant for consumption off the restaurant premises shall not be deemed to be a meal for the purposes of this chapter: — (a) Food sold by weight, liquid or dry measure, count, or in unopened original containers or packages, including, but not limited to, meat, bread, milk, specialty foods, cream and ice cream; provided, that such foods are commonly sold in such manner in a retail food store which is not a restaurant; (b) Beverages in unopened original containers or packages when sold as a unit having a capacity of at least twenty-six fluid ounces; and (c) Bakery products including but not limited to doughnuts, muffins, bagels, and similar items sold in units of six or more. Prepared meals, snacks, sandwiches, food platters, poultry, fish or meat items, or other food combinations, to the extent that such items are sold by a restaurant whose principal business is the preparation or sale of such items in such form as to be available for immediate consumption without further significant preparation, whether for on or off premise consumption, shall not be excluded under clause (a), (b), or (c)."

extent that such items are sold by a restaurant whose principal business is the . . . sale of such items in such form as to be available for immediate consumption without further significant preparation, whether for on or off premise consumption, shall not be excluded under clause (*a*)." The items in dispute are "snacks" within the common understanding of the word. They are sold by a "restaurant" (i.e., a vending machine). The restaurant has as its principal business the sale of snacks in a form "available for immediate consumption without further significant preparation." The exemption from the meals tax expressed in the final subparagraph of § 6 (*h*) is, therefore, inapplicable to the plaintiffs' sales of the disputed items.

The classification of the disputed items as being taxable does not violate equal protection of the laws principles. So long as any basis of fact can be reasonably conceived showing that the distinction made by a tax statute has a fair and rational relationship to the object sought to be accomplished, the legislative classification is not violative of equal protection principles. *Frost* v. *Commissioner of Corps. & Taxation*, 363 Mass. 235, 248 (1973). "Any distinction in a tax statute that has a rational basis will survive a challenge under the equal protection clause." *Smith* v. *Commissioner of Revenue*, 383 Mass. 139, 141 (1981). We make no distinction here between the equal protection standard to be applied under the State Constitution and that applied under the Constitution of the United States. See *Opinion of the Justices*, 270 Mass. 593, 599 (1930).

Obviously, lines must be drawn in making tax classifications. We think that the Legislature had a rational basis for concluding that sales of the disputed items through vending machines were more like sales of such items at snack bars or lunch counters (where they would be taxed) than sales of such items at grocery stores or supermarkets (where they would not be taxed). Vending machines dispense food and beverages for immediate consumption in places of employment and in educational or other institutions. Their competitors are more likely to be other "restaurants," such as

snack bars, than grocery stores. The classification has a rational basis. See *Associated Food Servs., Inc.* v. *Commissioner of Taxation*, 298 Minn. 277, 282-283 (1974). Cf. *Commissioner of Revenue* v. *Applebaums' Food Mkts., Inc.*, 297 N.W.2d 141, 144 (Minn. 1980).

The case is remanded to the Superior Court for the entry of a judgment declaring that the disputed items sold through the plaintiffs' vending machines are subject to the excise imposed by G. L. c. 64H, § 2, and that the statutory classification does not violate the requirements of equal protection of the laws contained in the Fourteenth Amendment to the Constitution of the United States and in the Declaration of Rights of the Constitution of the Commonwealth.

*So ordered.*