RALPH'S WONDER, INC. *vs.* COMMISSIONER OF REVENUE. December 12, 1984. *Practice, Civil,* Declaratory relief. *Jurisdiction,* Administrative matter, Taxation. *Taxation,* Meals tax: exemption.

A Superior Court judge allowed a motion of the Commissioner of Revenue to dismiss a complaint for declaratory relief which challenged an inter-

pretation of the Massachusetts sales tax on meals. The plaintiff, the operator of a supermarket in Worcester, had sought from the court a determination that the sale of products by weight from a salad bar in the supermarket was exempt from taxation under G. L. c. 64H, § 6(*h*). The Commissioner, in a letter dated June 10, 1982, had concluded that the taxpayer's sale of the salads was subject to the tax.

Although no statement of reasons accompanied the dismissal order, from an examination of the briefs presented by both parties to the motion judge, it is apparent that he understood that he had discretion to entertain the action (*Sydney* v. *Commissioner of Corps. & Taxn.*, 371 Mass. 289 [1976]; *S.J. Groves & Sons* v. *State Tax Commn.*, 372 Mass. 140, 143 [1977]; compare *Seiler Corp.* v. *Commissioner of Revenue*, 384 Mass. 635, 636 [1981]) and that his ruling was a discretionary determination that the action should be dismissed.

The taxes have been assessed, and the plaintiff has an adequate administrative remedy. G. L. c. 62C, §§ 37, and 39(*c*); G. L. c. 58A, § 13. "Unless the administrative remedy is 'seriously inadequate' under all the conditions of the case, it should not be displaced by an action for a declaration . . . and care must be taken lest allowance of a judicial substitute disrupt unduly the orderly collection of tax." *Sydney* v. *Commissioner of Corps. & Taxn.*, *supra* at 294. We have considered the factors which must be taken into account in making such a discretionary determination. *Sydney* v. *Commissioner of Corps. & Taxn.*, *supra* at 295. *General Dynamics Corp.* v. *Assessors of Quincy,* 388 Mass. 24, 28 (1983). On the one hand, we agree that the issue raised is important, probably novel, and likely to be recurrent, and that the interests of many besides the immediate litigants are affected. To some extent, however, the resolution of the dispute will require a factual determination: whether salads from salad bars are commonly sold by weight in retail food stores which are not restaurants. Where the case does not reduce to "an issue of law without dispute as to the facts," maintenance of a declaratory action is not favored. *Sydney* v. *Commissioner of Corps. & Taxn.*, *supra* at 295.

A matter of particular concern in the situation presented to us is that, pending the outcome of the dispute, the tax is being paid, albeit in relatively small amounts, by the consumers, and there would be no practical way of reimbursing them should the plaintiff ultimately prevail. Even this small potential loss to consumers should be of concern to us and should be minimized, if at all possible. The speediest possible mechanism for reaching a final determination, therefore, is called for. The plaintiff argues that this consideration warrants the exercise of jurisdiction by the Superior Court. This consideration may not affect the choice between a judicial determination and an agency determination, however, since there is no way of knowing which route would reach finality more quickly. Given the general "disfavor" with which the exercise of jurisdiction by the Superior Court over cases of this character is looked upon (see *General Dynamics Corp.* v. *Assessors*

*of Quincy, supra* at 30), we cannot say that the judge abused his discretion in dismissing the complaint.

*Judgment affirmed.*

*Roger J. Brunelle* for the plaintiff.

*H. Reed Witherby*, Assistant Attorney General, for the Commissioner of Revenue.